IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

DANNY R. CLEM,                     )
                                   )
           Petitioner,             )
                                   )
v                                  )       Civil Action No. 2:08cv273-WKW
                                   )
D. DREW, WARDEN,                   )                   (WO)
                                   )
           Respondent.             )

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Danny R. Clem ("Clem"), a federal prisoner at the Federal Prison Camp at Maxwell

Air Force Base in Montgomery, Alabama, initiated this action as a petition for a writ of

habeas corpus pursuant to 28 U.S.C. § 2241.  Clem challenges the convictions and sentence

entered against him in 1997 by the United States District Court for the Eastern District of

Tennessee for several drug-related offenses stemming from his operation of a marijuana

smuggling and distribution ring.

**I.  FACTS**[1]

In January 1996, a federal grand jury in the Eastern District of Tennessee indicted

Clem on four drug-related counts:  (1) conspiring to import marijuana into the United States

---

[1]   The facts are gleaned from Clem's § 2241 petition and accompanying attachments; the docket
sheet maintained in *Clem v. United States*, Case No. 3:02cv92 (E.D. Tenn. Nov. 15, 2002); and the
Sixth Circuit's decision in Clem's direct appeal, *United States v. Clem*, 210 F.3d 373 (6th Cir. Mar.
31, 2000) (Table, No. 97-5507).

in violation of 21 U.S.C. § 963; (2) conspiring to distribute and possess with intent to distribute marijuana in violation of 21 U.S.C. § 846; (3) attempting to import marijuana in violation of 21 U.S.C. § 963; and (4) causing travel in interstate and foreign commerce between Tennessee, Florida, and Belize in connection with an illegal marijuana distribution ring in violation of 18 U.S.C. §§ 2, 1952(a)(3).

Clem went to trial and was convicted by a jury on all four counts.  Pursuant to an agreement, he was sentenced to 188 months' imprisonment on each of the first three counts and to 60 months on count 4, the terms to be served concurrently.  Clem waived his right to appeal his sentence, and appealed  his convictions to the United States Court of Appeals for the Sixth Circuit.  On March 31, 2000, the appellate court affirmed his convictions.  *United States v. Clem*, 210 F.3d 373 (6th Cir. Mar. 31, 2000) (Table, No. 97-5507).  Clem's petition for certiorari was denied by the Supreme Court, as was his application for rehearing.  *Clem v. United States*, 531 U.S. 1154, *rehearing denied*, 532 U.S. 967 (2001).

On February 21, 2002, Clem filed a 28 U.S.C. § 2255 motion in the United States District Court for the Eastern District of Tennessee, challenging his convictions and sentence. On November 15, 2002, the district court denied the § 2255 motion, deciding all claims adversely to Clem.  *Clem v. United States*, Case No. 3:02cv92 (E.D. Tenn. Nov. 15, 2002). It is unclear whether Clem appealed the district court's judgment to the Sixth Circuit.

On April 7, 2008 (Doc. No. 1), Clem filed the instant petition for a writ of habeas

corpus pursuant to 28 U.S.C. § 2241.[2]  For the reasons that follow, this court concludes that Clem is not entitled to any relief based on his claims.

## II.  DISCUSSION

Clem argues that he is "actually innocent" of the convictions and sentence and, specifically, that his convictions and sentence violate the holding in *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Clem's claims go to the fundamental legality of his conviction and resulting incarceration.  The law directs that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and/or sentence imposed by a federal court.  "An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to ... section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [a § 2255] motion is inadequate or ineffective to test the legality of [the inmate's] detention."  28 U.S.C. § 2255 ¶5.

It appears from a review of the petition that Clem filed this action in this court pursuant to § 2241 in an attempt to circumvent the applicable one-year period of limitation

---

[2]   Although Clem's petition was date-stamped "received" in this court on April 8, 2008, under the "mailbox rule" the court deems the petition filed on the date Clem delivered it to prison authorities for mailing, presumptively, April 7, 2008, the day that he signed it.  *Houston v. Lack*, 487 U.S. 266, 271-72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

and/or the constraint on successive § 2255 motions contained in 28 U.S.C. § 2244(b)(3)(A).[3]
However, under no circumstances can this court countenance Clem's circumvention of the
procedural restraints contained in the Antiterrorism and Effective Death Penalty Act of 1996
("AEDPA"), as § 2255 is not rendered inadequate or ineffective to challenge the legality of
a petitioner's detention merely because the applicable limitation period has expired or a
subsequent motion under the section would be barred as successive.

The habeas petition, supporting documents, and relevant court records indicate that
Clem's claims would be barred from review in a § 2255 motion before the United States
District Court for the Eastern District of Tennessee by the AEDPA's gatekeeping provisions
on untimely and successive petitions.  The "inadequate or ineffective" savings clause of 28
U.S.C. § 2255 applies to a claim when (1) that claim is based upon a retroactively applicable
Supreme Court decision; (2) the holding of that Supreme Court decision establishes that the
petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed
such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal,
or first § 2255 motion.  *Wofford v. Scott*, 177 F.3d 1236, 1244 (11th Cir. 1999).  All the
Constitution requires, if it requires anything, is that a reasonable opportunity existed through
which an inmate could have pursued judicial relief on his claims.  *Id*.  "[T]he only sentencing
claims that may conceivably be covered by the savings clause are those based upon a

---

[3]  "A 1-year period of limitation shall apply to a motion under this section."  28 U.S.C.  § 2255
¶6.  Before a second or successive [28 U.S.C. § 2255 motion] ... is filed in the district court, the
applicant shall move in the appropriate court of appeals for an order authorizing the district court to
consider the application.  28 U.S.C.  § 2244(b)(3)(A).

4

retroactively applicable Supreme Court decision overturning circuit precedent." *Id*. at 1245.

Clem does not meet each of the prerequisites necessary to invoke application of the savings clause of § 2255, thereby precluding relief in a § 2241 proceeding.  Initially, it is clear that Clem's claims are not premised upon a Supreme Court decision issued after his conviction which the Court made retroactively applicable to such conviction.  Moreover, Clem has not been "convicted of any crime which a retroactively applicable Supreme Court decision overturning prior circuit precedent has made clear is nonexistent." *Wofford*, 177 F.3d at 1245.  Thus, Clem's challenges to his conviction are not based upon a retroactively applicable Supreme Court decision.  Finally, pertinent federal law did not foreclose Clem from presenting the claims now before this court at the time these claims otherwise could and should have been raised.  Specifically, the pleadings filed herein establish that Clem had the requisite procedural opportunity to raise the instant habeas claims and have such claims decided during proceedings before the United States District Court for the Eastern District of Tennessee or on direct appeal.  Clem also had the opportunity to present his claims in a properly filed § 2255 motion.  These opportunities are all the Constitution requires.  *Id*. at 1244.  The claims pending before this court therefore fail to warrant relief under the savings clause of § 2255.

A federal prisoner cannot use § 2241 simply to escape the procedural restrictions placed on § 2255 motions by the AEDPA. *Wofford*, 177 F.3d at 1245.  "[T]he savings clause ... does not exist to free a prisoner of the effects of his failure to raise an available claim

earlier." *Id*. "If it were the case that any prisoner who is prevented from bringing a § 2255 petition could, without more, establish that § 2255 is 'inadequate or ineffective,' and therefore that he is entitled to petition for a writ of habeas corpus under § 2241(c)(3), then Congress would have accomplished nothing at all in its attempts – through statutes like the AEDPA – to place limits on federal collateral review." *Triestman v. United States*, 124 F.3d 361, 376 (2nd Cir. 1997); *see also In re Dorsainvil*, 119 F.3d 245, 251 (3rd Cir. 1997) (a federal petitioner may not proceed under "§ 2241 merely because [he] is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."); *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (internal citations omitted) ("The remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, ... or because an individual is procedurally barred from filing a § 2255 motion....").

In light of the foregoing, this court concludes that Clem's claims challenging the validity of the convictions and sentence entered against him by the United States District Court for the Eastern District of Tennessee are not cognizable in a 28 U.S.C. § 2241 petition.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2241 petition for habeas corpus relief filed by Clem be denied and that this case be dismissed with prejudice.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before April 23, 2008**.   A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 10th day of April, 2008.


 /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE